1   SHARON DOUGLASS MAYO - State Bar No. 150469
    sharon.douglass@aporter.com
2   SHANE W. TSENG - State Bar No. 200597
    shane.tseng@aporter.com
3   DANIKA B. VITTITOE - State Bar No. 235337
    danika.vittitoe@aporter.com
4   VIKRAM SOHAL - State Bar No. 240251
    vikram.sohal@aporter.com
5   ARNOLD & PORTER LLP
    777 South Figueroa Street, 44th Floor
6   Los Angeles, California 90017-5844
    Telephone: (213) 243-4000
7   Facsimile: (213) 243-4199

8   Attorneys for Plaintiffs

9

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14

15   MONSTER ISLAND MUSIC,                Case No. ED CV 08 - 00064 VAP (JCRx)
     CHRYSALIS MUSIC GROUP, INC.
16   D/B/A CHRYSALIS MUSIC, WB            DECLARATION OF DANIKA B.
     MUSIC CORP., WEBO GIRL              VITTITOE REGARDING JOINDER
17   PUBLISHING, INC., EMI               OF MULTIPLE COPYRIGHT
     WATERFORD MUSIC, INC. AND           CLAIMS
18   EMI APRIL MUSIC INC.,
                                          [LOCAL RULE 19-2]
19                   Plaintiffs,

20        v.

21   GLMR PROPERTIES, LLC, AND
     CARL LEVINE,
22
                     Defendants.
23

24

25

26

27

28

453215_1.DOC

1    Pursuant to Local Rule 19-2, plaintiffs submit the following declaration setting

2    forth the grounds that show the interests of justice will be advanced, and a

3    multiplicity of lawsuits avoided, by the joinder of all four (4) causes of action in the

4    accompanying complaint.

5         I, DANIKA B. VITTITOE, declare:

6         1.    I am an attorney licensed to practice law in the State of California and

7    have been admitted to the Bar of this Court.  I am an associate of Arnold & Porter

8    LLP, attorneys of record for plaintiffs in this action.  I have personal knowledge of

9    the matters set forth herein, and I make this declaration pursuant to Local Rule 19-2

10   regarding the joinder of plaintiffs' causes of action in a single complaint.

11        2.    Local Rule 19-2 provides:

12            No complaint or petition alleging violation of copyright,
              patent or trademark shall contain causes of action of
13            different owners claiming violation of different copyrights,
              patents or trademarks, unless the complaint or petition is
14            accompanied by a declaration of counsel setting forth
              grounds showing that the interests of justice will be
15            advanced, and a multiplicity of actions avoided, by such
              joinder.
16

17        3.    This is an action to recover damages and equitable relief for the

18   intentional and willful infringement of plaintiffs' copyrighted songs by defendants'

19   unauthorized public performances of those songs.

20        4.    The complaint alleges the four (4) songs at issue were publicly

21   performed on May 4, 2007, and July 7, 2007, at the establishment known as The

22   Barracks Bar, located at 67-625 E. Palm Canyon Dr., Bldg. 2, C-7, in Cathedral City,

23   California, which is owned and operated by defendants GLMR Properties, LLC and

24   Carl Levine.

25        5.    Plaintiffs are the owners of the copyrights involved in this action.

26        6.    Plaintiffs are all members of the American Society of Composers,

27   Authors and Publishers ("ASCAP"), to which they have granted a non-exclusive right

28

2

1  to license non-dramatic, public performances of their copyrighted musical
2  compositions.

3      7.    On behalf of plaintiffs and its more than 75,000 other members, ASCAP
4  licenses thousands of radio stations, television stations, nightclubs, restaurants and
5  other establishments whose owners desire lawfully to perform copyrighted musical
6  compositions contained in the ASCAP repertory.

7      8.    The complaint alleges defendants never obtained a license agreement
8  from ASCAP despite ASCAP's repeated offers of such a license agreement to
9  defendants.

10      9.    The complaint also alleges that despite ASCAP's numerous contacts
11  informing defendants of their liability under the copyright laws of the United States,
12  defendants have continued to perform copyrighted music, including plaintiffs' songs,
13  without permission, during the hours their establishment is open to the public for
14  business and is presenting musical entertainment.

15      10.    Plaintiffs seek remedies available to them under the copyright laws of
16  the United States, namely an injunction prohibiting further unauthorized
17  performances of their songs (17 U.S.C. § 502(a)), statutory damages (*id.*, § 504(c)),
18  and costs including reasonable attorney's fees (*id.*, § 505).

19      11.    In the interest of judicial economy and to avoid an unnecessary
20  multiplicity of lawsuits, each of the four (4) causes of action in the complaint should
21  be joined in one (1) action, because they all arise out of the same facts and
22  circumstances, involve the same defendants, raise identical issues of law, and will
23  require testimony from the same witnesses.

24      12.    For decades, the courts have permitted several copyright owners to join
25  together as plaintiffs in "ASCAP cases" such as the instant action. *See, e.g.,*
26  *Twentieth Century Music Corp.* v. *Aiken*, 422 U.S. 151 (1975); *K-91, Inc.* v.
27  *Gershwin Publ'ing Corp.*, 372 F.2d 1 (9th Cir. 1957); *Red Cloud Music Co.* v.
28  *Schneegarten, Inc.*, 27 U.S.P.Q.2d 1319 (C.D. Cal. 1992).

1      13.     For the foregoing reasons, plaintiffs should be permitted to prosecute

2  their causes of action in a single action.

3      14.     I declare under penalty of perjury the foregoing is true and correct.

4  Executed on this ___17___ day of January 2008, at Los Angeles, California.

5

6  Dated: *January 17, 2008*

7                                          ARNOLD & PORTER LLP
                                           SHARON DOUGLASS MAYO
                                           SHANE W. TSENG
8                                          DANIKA B. VITTITOE
                                           VIKRAM SOHAL
9

10

11                                         By: _____
                                           Danika B. Vittitoe
                                           Attorneys for Plaintiffs
12

13  453215_1.DOC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28